Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel.  (212) 867-8165
fax.  (212) 867-8139
email sstarr@starrandstarr.com

-and-

Grant J. Hallstrom (*pro hac vice* application pending)
Paul J. Kurtzhall (*pro hac vice* application pending)
HALLSTROM, KLEIN & WARD, LLP
15615 Alton Parkway, Suite 175
Irvine, CA 92618
tel. (949) 450-8500
fax (949) 450-1588
email grant@hkwllp.com
email paul@hkwllp.com

*Attorneys for Plaintiff, Phoenix Fashion, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| PHOENIX FASHION, INC. | : | Case No.: |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| - against - | : | |
| | : | |
| SAADIA GROUP LLC; NEW YORK & | : | |
| COMPANY STORES, INC.; FASHION TO | : | |
| FIGURE ECOMM LLC; LORD & TAYLOR | : | |
| ECOMM LLC; YAKOUB N SAADIA a/k/a | : | |
| YAKOUV SAADIA a/k/a YAKAOUB SAADIA | : | |
| a/k/a YAKOUV SAABIA a/k/a JACK SAADIA | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------x

PHOENIX FASHION, INC., plaintiff herein, by its undersigned attorneys, as and for its

complaint against SAADIA GROUP LLC, NEW YORK & COMPANY STORES, INC.,

FASHION TO FIGURE ECOMM LLC, LORD & TAYLOR ECOMM LLC, YAKOUB N

SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAABIA a/k/a

JACK SAADIA, alleges as follows:

## JURISDICTION AND VENUE

1.      The District Court has diversity jurisdiction over this action under 28 USC §

1332(a)(2) because the amount in controversy exceeds $75,000 and the claim is between citizens

of this state and a citizen of a foreign state.

2.      This Court has supplemental jurisdiction of all claims arising under state law

 pursuant to 28 U.S.C. § 1367

3.      Venue in this district is based on 28 U.S.C. §1391(b)(1) because defendants are

residents and/or with principal place of business located of the State of New York.

## THE PARTIES

4.      PHOENIX FASHION, INC. ("Phoenix") is a corporation duly organized and

existing under the laws of the State of California, with its principal place of business located in

Irvine, California, in Orange County.  Phoenix is in the business of procuring and importing

women's apparel into the United States pursuant to a customer's purchase order.

5.      Phoenix is informed and believes, and on that basis alleges, that Defendant

SAADIA GROUP LLC is, and at all times herein was, a limited liability company duly

organized and existing under the laws of the State of New York with its principal place of

business located in New York, New York in New York County.

6.      Phoenix is informed and believes, and on that basis alleges, that Defendant NEW

YORK & COMPANY STORES, INC. is, and at all times herein was, a corporation duly

2

organized and existing under the laws of the State of New York with its principal place of business located in New York, New York in New York County.

7.      Phoenix is informed and believes, and on that basis alleges, that Defendant FASHION TO FIGURE ECOMM LLC is, and at all times herein was, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located in Albany County, New York.

8.      Phoenix is informed and believes, and on that basis alleges, that Defendant LORD & TAYLOR ECOMM LLC is, and at all times herein was, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located in Albany County, New York.

9.      Defendants SAADIA GROUP LLC, NEW YORK & COMPANY STORES, INC., FASHION TO FIGURE ECOMM LLC, and LORD & TAYLOR ECOMM LLC are hereinafter collectively referred to as "Corporate Defendants".

10.     Phoenix is informed and believes, and on that basis alleges, that Defendant YAKOUB N SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAABIA a/k/a JACK SAADIA ("Individual Defendant") is, and at all times herein was, an individual residing in New York County, New York.

11.     Phoenix is informed and believes, and on that basis alleges, that Corporate Defendants have been so dominated by the Individual Defendant that they are relegated to be the alter ego of the Individual Defendant because of fraud; funds were  taken out of the corporate entities for personal rather than corporate purposes; overlap in ownership, officers, directors, and personnel; common office space and telephone numbers of corporate entities; the amount of business discretion displayed by the allegedly dominated entities; the related entities did not deal

3

with the dominated entity and Individual Defendant at arm's length; the payment or guarantee of debts of the Corporate Defendants by the Individual Defendant; and Corporate Defendants had property that was used by the related entities as if it were their own.

## FIRST CAUSE OF ACTION
### (Breach of Contract)
### (Corporate Defendants)

12.     Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 11.

13.     On December 1, 2022, Corporate Defendants executed a written forbearance agreement in favor of Phoenix ("Forbearance Agreement").  Pursuant to the Forbearance Agreement, said Corporate Defendants acknowledged they purchased and received apparel goods from Phoenix but have not timely paid for all of these goods. Said Corporate Defendants reaffirmed the debt obligation to pay for these goods in the total amount of Nine Hundred Fifty-Nine Thousand Five Hundred Fifty-Eight Dollars and Seventy-two Cents (US$959,558.72). Said Corporate Defendants further acknowledged that they ordered additional goods pursuant to various outstanding purchase orders as of the date of the Forbearance Agreement. Pursuant to the Forbearance Agreement, Phoenix requested that said Corporate Defendants provide Phoenix with adequate assurance of due performance.

14.     Pursuant to the Forbearance Agreement, in order to satisfy in full the stated debt and to provide Phoenix adequate assurance of due performance, said Corporate Defendants agreed to timely pay Phoenix within thirty (30) days of receipt of goods (ROG 30 days) for all existing and future purchase orders. Payment had to be received by Phoenix, not simply to have been sent, in order to be deemed timely under the Forbearance Agreement.

15.     There is presently due and owing the sum of $3,111,221.77 to Phoenix by said Corporate Defendants for goods that were shipped and received by said Corporate Defendants.. Corporate Defendants ordered goods in the total dollar amount of $1,235,068.22 that have not been shipped because Corporate Defendants refuse to confirm payment for these goods.

16.     Within the last four (4) years, said Corporate Defendants breached the written Forbearance Agreement by failing to make required payments to Phoenix within thirty (30) days of receipt of goods (ROG 30 days) that were shipped pursuant to the promised representations contained within the written Forbearance Agreement and for goods that are currently work in progress and completed goods being held because of Corporate Defendants' breach of the terms and conditions of the written Forbearance Agreement.

17.     Phoenix has performed all unexcused terms and conditions required of it under the written Forbearance Agreement and the Purchase Orders, except as excused by the acts, breaches and omissions of said Corporate Defendants.

18.     As a direct and proximate result of the foregoing, Phoenix has been damaged in the sum consisting of $4,346,289.99, less any amount recovered from mitigation of damages. Accordingly, as a direct and proximate result of said Corporate Defendants' breach of Forbearance Agreement, Phoenix has incurred total damages of $4,346,289.99, plus interest thereon at the legal rate of ten percent (10%) under applicable California law from time of breach, and costs of suit.

## SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Individual Defendant)

19.     Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 18.

5

20.     On December 1, 2022, Individual Defendant executed a written unconditional irrevocable limited personal guaranty in favor of Phoenix ("Personal Guaranty").

21.     Pursuant to the agreement, said Individual Defendant confirmed that he is an owner and a duly appointed officer of Corporate Defendants SAADIA GROUP LLC, NEW YORK & COMPANY STORES, INC., FASHION TO FIGURE ECOMM LLC, and LORD & TAYLOR ECOMM LLC, is personally interested in the Corporate Defendants obtaining merchandise and or obtaining credit to pay Corporate Defendants' obligations with Phoenix, and offered a Unconditional Irrevocable Limited Guaranty to Phoenix for the timely performance and payment of all of Corporate Defendants' undisputed obligations for the debt and outstanding orders pursuant to the Forbearance Agreement identified herein, the outstanding invoices and/or purchase orders, and all future purchase orders. Said Individual Defendant unconditionally and irrevocably guaranteed to Phoenix the punctual payment of the Corporate Defendants' obligations. Said Individual Defendant unconditionally and irrevocably guaranteed to Phoenix and agreed to pay, when due, whether at maturity, by acceleration or otherwise, or as the same may be renewed, modified or extended from time to time, whether of principal, interest or otherwise, the Corporate Defendants' Obligations and to perform all of Corporate Defendants' obligations, including the payment of all undisputed sums due, under the Forbearance Agreement identified herein. Said Individual Defendant's Personal Guaranty is a continuing guaranty.

22.     There is presently due and owing to Phoenix by said Individual Defendant the sum of $4,346,289.99.

23.     Within the last four (4) years, said Individual Defendant breached the written unconditional irrevocable limited Personal Guaranty, as well as existing and subsequent Purchase Orders by failing to make required payments to Phoenix after demand for performance

was made, as required pursuant to the written unconditional irrevocable limited Personal Guaranty.

24.     Phoenix has performed all unexcused terms and conditions required of it under the written unconditional irrevocable limited Personal Guaranty, the Purchase Orders, except as excused by the acts, breaches and omissions of said Individual Defendant.

25.     As a direct and proximate result of the foregoing, Phoenix has been damaged in the sum consisting of $4,346,289.99.  Accordingly, as a direct and proximate result of said Individual Defendant's breach of the Personal Guaranty, Phoenix has incurred total damages of $4,346,289.99, plus interest thereon at the legal rate of ten percent (10%) under applicable California law from time of breach, and costs of suit.

## THIRD CAUSE OF ACTION
### (Intentional Misrepresentation)
### (All Defendants)

26.     Phoenix realleges and incorporates here in full the allegations stated in paragraphs 1 through 25.

27.     In connection with the execution of the Forbearance Agreement identified above, Corporate Defendants promised that they would honor the terms of said Forbearance Agreement and make all required payments thereunder.  Based upon said promises and assurances from Corporate Defendants, Phoenix provided certain apparel goods to said Corporate Defendants.

28.     In connection with the execution of the Personal Guaranty identified above, Individual Defendant promised that he would honor the terms of said Forbearance Agreement and make all required payments thereunder. Based upon said promises and assurances from said Individual Defendant, Phoenix provided certain apparel goods to the Corporate Defendants.

29.     Phoenix is informed and believes, and thereon alleges, that in contravention to the above-mentioned promises and assurances provided by the Corporate and Individual Defendants to Phoenix, and at the time the Corporate and Individual Defendants made the above-mentioned promises and assurances to Phoenix, they had no intention of honoring said promises.

30.     Phoenix entered into the Forbearance Agreement in reliance on Defendants' promises to pay the new shipments of certain apparel goods on a net 30 days basis when Defendants had no intention of paying them on time. On information and belief, Defendants simply wanted Phoenix to ship more goods without the intention of timely paying for them. On information and belief, all Defendants knew that each Corporate Defendant would not have funds available to timely pay the invoices when they fraudulently induced Phoenix to ship Defendants the goods expressly specified in the Forbearance Agreement. Additionally, on information and belief, all Defendants knew that the Individual Defendant's Personal Guaranty was given with no intention of performance and just to fraudulently induce Phoenix to ship these goods. Any claim by the Individual Defendant that the Personal Guaranty is ineffective based on non-conforming goods is without merit. Defendants have failed to provide any specific basis for said claim and have not asserted this defense upon demand for payment of the outstanding invoices. Individual Defendant's assertion that the Personal Guaranty is not applicable demonstrates the Individual Defendant's bad faith.

31.     The Corporate and Individual Defendants made these promises with the intention of defrauding and deceiving Phoenix and with the intention to induce Phoenix to provide to Corporate Defendants the subject certain apparel goods.

32.     At the time the Corporate and Individual Defendants made these promises, and at the time Phoenix took the actions herein alleged, Phoenix was ignorant of Defendants' secret

intentions not to perform, and believed their representations to be true.  In reasonable reliance on these promises, and with no reasonable means of discovering Defendants' secret intentions, Phoenix was induced to and did in fact transfer possession of said subject certain apparel goods to Corporate Defendants.

33.     Had Plaintiff known of Defendants' actual intentions, Phoenix would not have given the subject certain apparel goods. Because of said fraud, Phoenix is damaged by the discount provided to Corporate Defendants' previously past due invoices pursuant to the Forbearance Agreement, as well as damages for the goods shipped and lost profits on the orders put into development that have not yet been shipped.

34.     As a direct and proximate result of the foregoing, Phoenix has been damaged in a sum in excess of $4,346,289.99, plus interest thereon at the legal rate of ten percent (10%) under applicable California law from time of breach, and costs of suit.

35.     Defendants' conduct was fraudulent, oppressive, malicious, willful, intentional and despicable, subjecting Plaintiff to unjust hardship in conscientious disregard of Phoenix's rights.  Phoenix is therefore entitled to punitive and exemplary damages.

**WHEREFORE**, Plaintiff PHOENIX FASHION, INC., requests judgment on the causes of action set forth herein, as follows:

A)     As to the First Cause of Action, judgment in favor of Plaintiff and against Defendants SAADIA GROUP LLC, NEW YORK & COMPANY STORES, INC., FASHION TO FIGURE ECOMM LLC, LORD & TAYLOR ECOMM LLC for breach of contract in the amount of $4,346,289.99 less any amount recovered from mitigation of damages, plus interest at the legal rate of ten percent (10%) under applicable California law from time of breach, disbursements, and costs of suit.

B)     As to the Second Cause of Action, judgment in favor of Plaintiff and against Defendant YAKOUB N SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAABIA a/k/a JACK SAADIA for breach of contract in the amount of $4,346,289.99 less any amount recovered from mitigation of damages, plus

interest at the legal rate of ten percent (10%) under applicable California law from time of breach, disbursements, and costs of suit.

C)  As to the Third Cause of Action, judgment in favor of Plaintiff and against Defendants SAADIA GROUP LLC, NEW YORK & COMPANY STORES, INC., FASHION TO FIGURE ECOMM LLC, LORD & TAYLOR ECOMM LLC and YAKOUB N SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAABIA a/k/a JACK SAADIA for compensatory damages in the principal sum of $4,346,289.99, plus interest at the legal rate of ten percent (10%) under applicable California law from time of breach, disbursements, and costs of suit and for punitive and exemplary damages in an amount that the court deems proper and just.

D)  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

## **DEMAND FOR TRIAL BY JURY**

Phoenix hereby demands a trial by jury of all issues which may be tried to a jury.

DATED:   New York, New York
         July 6, 2023

STARR & STARR, PLLC

By: /s/ Stephen Z. Starr
    Stephen Z. Starr
    Vildan E. Starr
260 Madison Avenue, 17th Fl.
New York, New York 10016
tel.:  (212) 867-8165
fax.:  (212) 867-8139
email sstarr@starrandstarr.com

-and-

Grant J. Hallstrom (*pro hac vice* application pending)
Paul J. Kurtzhall (*pro hac vice* application pending)
HALLSTROM, KLEIN & WARD, LLP
15615 Alton Parkway, Suite 175
Irvine, CA 92618
tel. (949) 450-8500
fax (949) 450-1588
email grant@hkwllp.com
email paul@hkwllp.com