UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                        :

PHOENIX FASHION, INC.,                       :

                                         :

                    Plaintiff,          :

                                         :          23-cv-5788 (LJL)

        -v-                       :

                                       :      MEMORANDUM AND

SAADIA GROUP LLC; NEW YORK & COMPANY   :         ORDER
STORES, INC.; FASHION TO FIGURE ECOMM LLC;  :
LORD & TAYLOR ECOMM LLC; YAKOUB N     :
SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB :
SAADIA a/k/a YAKOUV SAABIA a/k/a JACK   :
SAADIA,                               :

                                       :

                    Defendants.   :

                                       :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants Saadia Group LLC, New York & Company Stores, Inc., Fashion to Figure

Ecomm LLC, Lord & Taylor Ecomm LLC, and Yakoub N. Saadia (collectively, "Defendants")

move, pursuant to Federal Rule of Civil Procedure 55(c), to set aside the certificates of default

entered against them and therefore to deny the pending motion of plaintiff Phoenix Fashion, Inc.

("Plaintiff") for default judgment.  Dkt. No. 99.

      For the following reasons, Defendants' motion is granted.

<h3 style="text-align:center">BACKGROUND</h3>

      Plaintiff initiated this lawsuit by filing a complaint against Defendants on July 6, 2023 for

breach of contract and intentional misrepresentation.  Dkt. No. 1.  Defendants failed to timely

answer or otherwise respond, so Plaintiff sought certificates of default against each of the

Defendants.  Dkt. Nos. 45–54.  The Clerk of Court issued the requested certificates of default on

November 30, 2023.  Dkt. Nos. 56–59.

On January 31, 2024, the parties filed a joint stipulation to set aside the certificates of default, in which Defendants "waive[d] any defenses of personal jurisdiction and . . . improper venue" and agreed to "file an Answer in this Action on or before February 23, 2024." Dkt. No. 65 ¶¶ 3–6. The Court entered that stipulation as an order on February 1, 2024. Dkt. No. 66.

After Defendants failed to answer the complaint by the stipulated date, Plaintiff once again sought certificates of default against each of the Defendants on March 4, 2024. Dkt. Nos. 67–76. Later that day, Defendants filed their answer to the complaint. Dkt. No. 77. The Clerk of Court nevertheless entered certificates of default against each of the Defendants on March 5, 2024. Dkt. Nos. 79–83. On March 6, 2024, Joy Frank—an attorney for Defendants—filed a letter motion to "set aside the Clerk's Certificates of Default due to an error I made in delaying (10) days to upload the Defendants' Answer." Dkt. No. 86 at 1. Plaintiff submitted a letter the following day urging the Court to "disregard" Defendants' request because "[t]he correct procedure is to file a motion to vacate [the] clerk's entry of default under [Rule] 55(c)." Dkt. No. 88 at 1. Defendants filed a letter "in further support" of their request to set aside the entries of default. Dkt. No. 90 at 1. However, the Court issued an endorsement denying Defendants' letter motions to set aside the entries of default "without prejudice to Defendants filing a formal motion seeking that relief." Dkt. No. 90.

Plaintiff filed a motion for default judgment, as well as an accompanying statement of damages and declarations from Grant Hallstrom and Hung Mao Liu, on March 12, 2024. Dkt. Nos. 94–97. On March 13, 2024, Defendants filed the instant motion to set aside the entries of default.[1] Dkt. No. 99. In support of their motion, Defendants filed declarations from Saadia

---

[1] In light of Defendants' motion to set aside the entries of default, the Court adjourned *sine die* Defendants' deadline to respond to Plaintiff's motion for default judgment. Dkt. No. 102.

Shapiro and Joy Frank, Dkt. Nos. 99-1, 99-2, and a memorandum of law, Dkt. No. 100. Plaintiff

then filed a memorandum of law, declaration of Grant Hallstrom, and request for judicial notice

in opposition to Defendants' motion. Dkt. Nos. 104–106. Defendants submitted an affirmation

of Saadia Shapiro in further support of their motion on April 1, 2024. Dkt. No. 107.

## DISCUSSION

Defendants move to set aside the entries of default that the Clerk of Court entered against

them on March 5, 2024. *See* Dkt. Nos. 79–83. Under Federal Rule of Civil Procedure 55(c),

"[t]he court may set aside an entry of default for good cause, and it may set aside a final default

judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Because Plaintiff has obtained entries of

default against the Defendants, but not a final default judgment, Defendants' motion is subject to

the "good cause" standard, "which is more lenient than the standard to set aside a default

judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, 2023 WL 8258884, at *1

(S.D.N.Y. Nov. 29, 2023); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). To determine

whether a defendant has shown good cause to vacate an entry of default, a court must weigh

three factors: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and

(3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444,

455 (2d Cir. 2013). "Other relevant equitable factors may also be considered, for instance,

whether the failure to follow a rule of procedure was a mistake made in good faith and whether

the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*,

10 F.3d 90, 96 (2d Cir. 1993). The Second Circuit has also "expressed on numerous occasions

its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*,

59 F.3d 13, 15 (2d Cir. 1995). Accordingly, "defaults . . . are reserved for rare occasions, [and]

when doubt exists as to whether a default should be granted or vacated, the doubt should be

resolved in favor of the defaulting party. In other words, 'good cause' . . . should be construed

generously." *Enron Oil Corp.*, 10 F.3d at 96; *see also Otter Prod., LLC v. Jones*, 2023 WL

2368975, at *1 (S.D.N.Y. Mar. 6, 2023).

Defendants' failure to answer the complaint by the stipulated deadline of February 23,

2024 was not willful. "Willfulness 'refer[s] to conduct that is more than merely negligent or

careless.'" *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton*

*Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (per curiam) (quoting *SEC v.*

*McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). "Even gross negligence does not lead to a finding

of willfulness." *Select Harvest USA LLC v. Indian Overseas Bank*, 2023 WL 2664079, at *5

(S.D.N.Y. Mar. 28, 2023) (quoting *Fischer v. Forrest*, 2014 WL 2717937, at *3 (S.D.N.Y. June

16, 2014)). Rather, a default is willful only if it is "egregious and . . . not satisfactorily

explained." *Moulton Masonry & Const., LLC*, 779 F.3d at 186 (quoting *McNulty*, 137 F.3d at

738). Defendants' conduct falls short of that standard. In her declaration, Ms. Frank attests that

she "prepared and finalized the Answer to the Complaint on February 14, 2024, well before the

due date. However, the Answer was not filed due to confusion, law office error as well as the

honest and good faith perception that I had indeed filed the Answer timely." Dkt. No. 99-2 ¶ 3.

Although Ms. Frank also speculates that she may have been unable file Defendants' answer due

to "some technical glitch with the Pacer system," *id.* ¶ 7, she offers no support for that

conclusion, *see* Dkt. No. 104 at 3–4. Instead, the record before the Court indicates that Ms.

Frank's failure to file the answer was simply a careless oversight. But "carelessness does not

amount to willfulness." *New Falls Corp. v. Soni Holdings, LLC*, 2020 WL 2770922, at *3

(E.D.N.Y. May 8, 2020) (quoting *Argus Res. Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529,

531 (E.D.N.Y. 2002)), *report and recommendation adopted*, 2020 WL 2770015 (E.D.N.Y. May

28, 2020); *see also Wharton v. Nassau County*, 2010 WL 4878998, at *2 (E.D.N.Y. Nov. 22,

2010).  Even Plaintiff concedes that this factor favors a finding of good cause.  *See* Dkt. No. 104

at 2.  Thus, although "[t]he conclusion that Defendants did not act willfully should not be

construed to suggest that the Court endorses Defendants' handling of this case up to this point,"

*Peoples v. Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014), the Court determines that Defendants'

default was not willful.

   But Defendants have not raised a meritorious defense to Plaintiff's claims.  "'To make a

sufficient showing of a meritorious defense' . . . a movant 'need not establish his defense

conclusively,' but must present evidence of facts that, 'if proven at trial, would constitute a

complete defense.'"  *Gunnells v. Teutul*, 469 F. Supp. 3d 100, 104 (S.D.N.Y. 2020) (quoting

*McNulty*, 137 F.3d at 740).  Defendants suggest that "Lord & Taylor Ecomm LLC and Fashion

to Figure Ecomm LLC[] appear to have personal jurisdiction defenses."  Dkt. No. 100 at 5.  But

Defendants explicitly waived those defenses in their joint stipulation to set aside the prior

certificates of default.  Dkt. No. 66 ¶ 4 ("Defendants waive any defenses of personal jurisdiction

and hereby submit to the jurisdiction of this Court.").  Defendants also assert that the complaint

"is problematic in that it is very vague and unclear about the terms and details of the alleged

agreement."  Dkt. No. 100 at 5.  Yet the sole example of vagueness Defendants cite is Plaintiff's

allegation that, within the last four years, Defendants violated a written contract the parties

entered into on December 1, 2022.  *Id.*  Defendants reason that they "could not have breached a

contract for four years that was entered into in 2022."  *Id.*  However, as Plaintiff explains, the

reference to four years merely reflects the relevant statute of limitations for breach of contract

actions.  Dkt. No. 104 at 6.  Shorn of that meritless example, Defendants' vagueness objection is

too "conclusory" to constitute a meritorious defense for purposes of Rule 55(c).  *Am. Transit Ins.

Co. v. Bilyk*, 546 F. Supp. 3d 192, 200 (E.D.N.Y. 2021).  Finally, Defendants challenge the

amount of both damages and prejudgment interest that Plaintiff seeks. *See* Dkt. No. 100 at 5–6.

Defendants' damages objection appears to raise a substantial factual question regarding the total

amount of outstanding purchase orders and invoices. However, "a dispute over damages is no

reason to vacate entry of default" because "even in a default posture, a defendant has the right to

dispute damages." *Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity,*

*& Apprenticeship, & Skill Improvement & Safety Funds v. Intercnty. Paving Assocs. of N.Y.,*

*LLC*, 2020 WL 32466, at *2–3 (E.D.N.Y. Jan. 2, 2020). As Defendants' damages and interest

objections do not provide "a complete defense" to Plaintiff's claims, they do not qualify as

meritorious defenses. *Haran v. Orange Bus. Servs. Inc.*, 2022 WL 2306945, at *3 (S.D.N.Y.

June 27, 2022) (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d

158, 167 (2d Cir. 2004)). Defendants have therefore failed to meet the "low threshold"

necessary to raise a meritorious defense, *id.* (quoting *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 72

(S.D.N.Y. 2018)), so this factor suggests Defendants have not shown good cause.

The final factor—prejudice to Plaintiff—supports a finding of good cause. Prejudice is

the most significant consideration under Rule 55(c). *See Elohim EPF USA, Inc. v. 162 D & Y*

*Corp.*, 2021 WL 2292682, at *2 (S.D.N.Y. June 4, 2021) (Nathan, J.) ("[P]rejudice to the

nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion.'"

(quoting *Murray Eng'g, P.C. v. Windermere Props. LLC*, 2013 WL 1809637, at *5 (S.D.N.Y.

Apr. 30, 2013))); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2699 (4th ed. 2024). Because some delay is inevitable when an entry of default is

vacated, "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713

F.2d 907, 916 (2d Cir. 1983). Rather, "[s]omething more is needed. For example, delay may

thwart plaintiff's recovery or remedy. It also may result in the loss of evidence, create increased

difficulties of discovery, or provide greater opportunity for fraud and collusion." *Flect LLC v. Lumia Prod. Co. LLC*, 2022 WL 1031601, at *3 (S.D.N.Y. Apr. 5, 2022) (quoting *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005)).  Defendants argue that any delay from setting aside the entries of default will be modest and will not prejudice Plaintiff.  Dkt. No. 100 at 6.  In response, Plaintiff asserts that after the parties stipulated to set aside the prior entries of default "Defendants' secured creditor obtained a preliminary injunction in state court, thereby enabling it to seize all or most of Defendant[s'] assets."  Dkt. No. 104 at 7.  If the Court sets aside the entries of default, Plaintiff avers that it "will lose the opportunity to become a secured creditor before all of Defendants' assets are dissipated."  *Id.*  By contrast, if Plaintiff "obtains a judgment, it can record the judgment and become a secured creditor which will give [Plaintiff] priority over Defendants' numerous other unsecured creditors."  *Id.*  It is a truism that a person with a judgment is better situated as against other creditors than a person with merely a claim.  Thus, the assertion that vacatur of an entry of default will deprive the plaintiff of the opportunity to receive a judgment without litigating the merits of its claims cannot alone constitute prejudice under Rule 55(c).  Nor does Plaintiff offer evidence to substantiate its concern that Defendants' other unsecured creditors have created a "threat of insolvency" such that "'the speediest creditor will be the creditor most likely to be paid.'"  *Geis Constr. S., LLC v. Delahunt*, 2022 WL 18859052, at *9 (E.D.N.Y. Oct. 3, 2022), *report and recommendation adopted*, 2023 WL 2731692 (E.D.N.Y. Mar. 31, 2023).  Accordingly, "this [objection] is unsupported conjecture," *Gil v. Frantzis*, 2019 WL 5694074, at *12 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 4784674 (E.D.N.Y. Oct. 1, 2019), and "courts generally do not consider a non-defaulting party's speculation regarding the recoverability of funds to be an important factor in assessing whether a party will be prejudiced by vacatur of default," *Li v. Fleet*

*N.Y. Metro. Reg'l Ctr. LLC*, 2022 WL 1666963, at *9 (E.D.N.Y. May 25, 2022); *see N.Y. Islanders Hockey Club, L.P. v. Havoc Distrib., Inc.*, 2008 WL 2439509, at *4 (E.D.N.Y. June 16, 2008) (Bianco, J.).  There is no suggestion that Defendants delayed their response to the complaint by the short time period at issue here in order to advance the interests of other creditors.  *Cf. Intercnty. Paving Assocs. of N.Y.*, 2020 WL 32466, at *2.  And in any event, even if the entries of default were not vacated and default judgment were entered as to liability, Plaintiff still would not have an enforceable judgment until after an inquest "to determine the final amount of the judgment to be entered." *Leventhal v. New Valley Corp.*, 1994 WL 75020, at *1 (S.D.N.Y. Mar. 4, 1994); *see Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002) ("[A]lthough the [court] ruled on the merits of Plaintiffs' underlying default motion, final judgment cannot be entered until the inquest on damages is completed.").  As a result, Plaintiff's assertion that its "potential recovery" could be "subordinated to that of another creditor is not sufficient to demonstrate legally cognizable prejudice, as is required." *Elsevier, Inc. v. Grossman*, 2013 WL 6331839, at *6 (S.D.N.Y. Dec. 5, 2013).

Consequently, the Rule 55(c) factors are split:  "Although the . . . Defendants have failed to sufficiently raise a meritorious defense at this juncture, the Court finds that their default was not willful and Plaintiff will not be prejudiced by setting aside the defaults." *New Falls Corp.*, 2020 WL 2770922, at *8.  Moreover, any prejudice to Plaintiff can be ameliorated by the resolution of this case, including as to damages, on an accelerated schedule.  Accordingly, balancing these considerations and heeding the particular weight given to the risk of prejudice and strong preference for litigation on the merits, the Court concludes that Defendants have established good cause to set aside the certificates of default.  *See id.*

The Court shall hold a conference at the time stated below to determine how the parties can ensure that litigation on the merits proceeds swiftly and without unnecessary delay.

## CONCLUSION

Defendants' motion to set aside the entries of default is GRANTED and Plaintiff's motion for default judgment is DENIED as moot. *See Moore v. NYC Health + Hosp.*, 2023 WL 4172738, at *1 (S.D.N.Y. June 26, 2023) ("It is well established [that once] the *certificate* of default has been vacated, the pending motion for default *judgment* is moot as a matter of law." (emphasis in original)); *Carrasco v. Acropol Rest. Corp.*, 2019 WL 2325556, at *4 (S.D.N.Y. May 31, 2019).

The Clerk of Court is respectfully directed to set aside the certificates of default at Dkt. Nos. 79–83 and to close the motions at Dkt. Nos. 94 and 99.

The Court will hold a telephonic status conference on April 15, 2024 at 11:00 A.M.  The parties are directed to dial into the Court's teleconference number at 888-251-2909, use Access Code 2123101, and follow the necessary prompts.


SO ORDERED.

Dated: April 10, 2024
New York, New York                              _____
                                                                   LEWIS J. LIMAN
                                                            United States District Judge