```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
PHOENIX FASHION, INC.,                                               :
                                                                     :
                              Plaintiff,                             :
                                                                     :      23-cv-5788 (LJL)
          -v-                                                        :
                                                                     :      MEMORANDUM AND
SAADIA GROUP LLC; NEW YORK & COMPANY                                 :           ORDER
STORES, INC.; FASHION TO FIGURE ECOMM LLC;                           :
LORD & TAYLOR ECOMM LLC; YAKOUB N                                    :
SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB                             :
SAADIA a/k/a YAKOUV SAABIA a/k/a JACK                                :
SAADIA,                                                              :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/2024

LEWIS J. LIMAN, United States District Judge:

   Plaintiff Phoenix Fashion, Inc. moves for an order compelling Defendants Saadia Group LLC, New York & Company Stores, Inc., Fashion to Figure Ecomm LLC, Lord & Taylor Ecomm LLC, and Yakoub N. Saadia (together, "Defendants") to provide their Rule 26(a)(1) initial disclosures and for sanctions under Federal Rules of Civil Procedure 37(a)(3)(A) and 37(a)(5). Dkt. No. 119. The motion is granted.

   By order of April 15, 2024, that was documented in the written order of April 18, 2024, the Court directed that initial disclosures pursuant to Rule 26(a)(1) be completed no later than April 29, 2024. Dkt. No. 111 at 2. The Court set that deadline over the objection of Defendants. The Court did so in light of the purpose of initial disclosures "to accelerate the exchange of basic information about the case," Fed. R. Civ. P. 26, advisory committee's note to 1993 Amendments, and in light of Defendants' history of delaying Plaintiff's prosecution of this case. Plaintiff filed this simple breach of contract case arising out of Defendants' alleged failure to pay for goods

shipped and received on July 6, 2023.  Dkt. No. 1.  Most of the Defendants were served in July 2023.  Dkt. Nos. 23–25.  The Clerk of Court issued certificates of default in November 2023.  Dkt. Nos. 55–59.  Plaintiff stipulated to set aside the certificates of default on January 31, 2024, in exchange for Defendants' agreement to file an answer on or before February 23, 2024, Dkt. No. 65 ¶¶ 3–6, but Defendants flouted that deadline.  It was not until after Plaintiff was forced to seek new certificates of default, that Defendants first appeared in March 2024.  Dkt. Nos. 77, 79–83, 84.  The Court granted Defendants' motion to vacate the certificates of default notwithstanding Defendants' failure to raise a meritorious defense because the Court could not conclude that Defendants' default was willful and because, given that an inquest would be required in any event to determine Plaintiff's quantum of damages, Plaintiff had not demonstrated prejudice.  Dkt. No. 109.  Still, the Court made clear its view that the litigation on the merits should "proceed[] swiftly and without unnecessary delay."  *Id.* at 9.

Defendants have disregarded the Court's order and their discovery obligations.  Defendants observe that the deadline of April 29, 2024, fell before the end of the Passover holiday which counsel and the client all observed.  Dkt. No. 121.  But counsel raised that concern at the initial pretrial conference and the Court rejected Defendants' argument.  There was a full week between the conference and the beginning of the Passover holiday for Defendants to comply with the Court's order.  Defendants, or their counsel, simply chose not to.  Defendants are therefore ordered to provide Rule 26(a)(1) initial disclosures by May 23, 2024.

Rule 37(a)(5) provides that if a motion to compel disclosure is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

That rule does not apply if the movant failed to attempt in good faith to obtain the disclosure without court action, Fed. R. Civ. P. 37(a)(5)(A)(i), the opposing party's nondisclosure "was substantially justified," *id.* 37(a)(5)(A)(ii), or "other circumstances make an award of expenses unjust," *id.* 37(a)(5)(A)(iii).  The Court has given Defendants notice and an opportunity to be heard.  Dkt. No. 120.  Defendants have been heard.  Dkt. No. 121.  Plaintiff attempted in good faith to obtain the disclosure.  Plaintiff emailed defense counsel on May 6, 2024 to request the initial disclosures.  Dkt. No. 119-1 ¶¶ 5–6.  As of May 14, 2024, counsel had not responded.  *Id.* ¶ 6.  Defendants' failure to provide initial disclosures by April 29, 2024, let alone May 14, 2024, was not substantially justified.  There are no circumstances in this case that make an award of reasonable attorney's fees unjust.  Plaintiff's counsel has submitted evidence that the reasonable attorney's fees incurred in making the motion to compel was $1,680.  *Id.* ¶ 7.  Defendants have not disputed that figure.[1]  Dkt. No. 121.  Accordingly, the Court orders Defendants to pay reasonable attorney's fees to Plaintiff in the amount of $1,680 no later than May 23, 2024.

Defendants are reminded that the failure to comply with a Court order directing that discovery be provided can lead to further sanctions, including an order striking pleadings in whole or in part or rendering a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2).

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 119 and 121.

SO ORDERED.

Dated: May 16, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Instead, Defendants' counsel requests precisely the same amount of attorney's fees, without offering any evidence to support that figure.  Dkt. No. 121.