```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
PHOENIX FASHION, INC.,                                          :
                                                                :
                                 Plaintiff,                     :
                                                                :        23-cv-5788 (LJL)
                -v-                                             :
                                                                :             ORDER
SAADIA GROUP LLC; NEW YORK & COMPANY                            :
STORES, INC.; FASHION TO FIGURE ECOMM LLC;                      :
LORD & TAYLOR ECOMM LLC; YAKOUB N                               :
SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB                        :
SAADIA a/k/a YAKOUV SAABIA a/k/a JACK                           :
SAADIA; NY AND CO ECOMM LLC; LETOTE                             :
ECOMM LLC; AQUATALIA ECOMM LLC; FASHION                         :
TO FIGURE IP LLC; RTW RETAILWINDS                               :
ACQUISITION LLC; LORD & TAYLOR                                  :
ACQUISITIONS LLC; LORD & TAYLOR IP LLC;                         :
LETOTE IP LLC; AQUATALIA IP LLC; 501 JERSEY                     :
AVENUE LLC; BROOK WAREHOUSING AND                               :
DISTRIBUTION LLC; 1735 JERSEY AVENUE                            :
PROPERTY LLC; SAADIA DISTRIBUTION LLC;                          :
STONY BATTERY RD PROPERTY OWNER LLC;                            :
1000 STONEY BATTERY ROAD, LLC,                                  :
                                                                :
                                                                :
                                 Defendants.                    :
                                                                X
---------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/16/2024

LEWIS J. LIMAN, United States District Judge:

Defendants Jack Saadia, New York & Company Stores, Inc., Fashion to Figure EComm LLC, and Lord and Taylor Ecomm LLC (the "Moving Defendants") move for an order setting aside the clerk's certificates of default filed against them on August 19, 2024. Dkt. No. 215; Dkt. Nos. 186–189. Plaintiff opposes the motion. Dkt. No. 218. The Court heard from the parties at a telephonic conference on September 16, 2024, and made an oral ruling on the motion. This order memorializes that ruling.

In determining whether to set aside an entry of default, a court must weigh three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The evidence here does not demonstrate willfulness. Defense counsel mistakenly believed that he did not need to file an answer to Plaintiff's amended complaint because defendant's answer to the original complaint was sufficient. *See* Dkt. No. 215-1. When Plaintiffs sought entry of default, only days after the Moving Defendants' deadline to answer the amended complaint, defense counsel immediately responded asking for the court to set aside the default and consider the answer to the original complaint as the answer to the amended complaint. Dkt. No. 207. The default was not willful but merely negligent. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

However, Plaintiff is prejudiced by Moving Defendants' default. Moving Defendants' default is part of a pattern of delay, as it is the third time Defendants have failed to timely answer in this action. *See* Dkt. Nos. 66, 109. During the pendency of this proceeding, another creditor has obtained a preliminary injunction against the Moving Defendants in state court. Dkt. No. 218 at 10. Further delay may result in Phoenix losing priority to other creditors or Moving Defendants' assets being dissipated.

This concern is especially strong because Moving Defendants have presented no meritorious defense regarding the vast majority of the damages sought. Moving Defendants argue in their motion papers that they have personal jurisdiction defenses and "were not parties to any agreement with the Plaintiff." Dkt. No. 216 at 4. However, Moving Defendants previously stipulated to waive any personal jurisdiction defenses, Dkt. No. 66, and the face of the forbearance agreement shows that Moving Defendants were parties to the agreement. Dkt. No.

211-1. The only defense asserted by Moving Defendants which is not clearly meritless is the contention that Moving Defendants do not owe Plaintiff for a portion of goods that were never shipped or delivered. At hearing on the motion, the net damages sought after damages based on this portion of goods was subtracted was stated to be $3,022,209. On the current record, Moving Defendants have asserted no meritorious defense to liability for this amount.

Because the default was not willful and this Circuit favors resolution of disputes on the merits, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), it would be preferable for this case to be resolved by summary judgment rather than default. At the same time, vacating the entry of default would result in undue prejudice to Plaintiff absent security that Moving Defendants' assets will not be dissipated due to their repeated delay. Pursuant to *Powerserve Int'l, Inc. v. Lavi*, a district court may condition the vacatur of default on the posting of security in order to avoid undue prejudice which would otherwise result. 239 F.3d 508, 515–16 (2d Cir. 2001). Here, such a bond is necessary to avoid prejudice to Plaintiff from the possibility that due to the Moving Defendants' delays, Plaintiff will be unable to collect on an eventual judgment for the so far uncontested amount of $3,022,209. The Court will therefore vacate the entry of default against the Moving Defendants on condition that those defendants post a bond in the amount of $3,022,209 by September 27, 2024. If those defendants are unable to post the bond by that time, they may request an extension from the Court.

The parties stated at conference that they seek no further discovery. Therefore, discovery is closed. Plaintiff will move for summary judgment by October 7, 2024. Defendants will respond by November 15, 2024. Plaintiff will reply by November 29, 2024. The Moving Defendants' answer to the complaint is deemed to be an answer to the amended complaint. Plaintiff's motion for default judgment against the non-moving defendants is taken under

advisement pending further proceedings against the moving defendants.

    SO ORDERED.

Dated: September 16, 2024
       New York, New York

                                          LEWIS J. LIMAN
                                 United States District Judge