```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
PHOENIX FASHION, INC.,                                             :
:
                          Plaintiff,                               :
:                    23-cv-5788 (LJL)
             -v-                                                   :
:                    MEMORANDUM AND
SAADIA GROUP LLC; NEW YORK & COMPANY                               :         ORDER
STORES, INC.; FASHION TO FIGURE ECOMM LLC;                         :
LORD & TAYLOR ECOMM LLC; YAKOUB N                                  :
SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB                           :
SAADIA a/k/a YAKOUV SAABIA a/k/a JACK                              :
SAADIA; NY AND CO ECOMM LLC; LETOTE                                :
ECOMM LLC; AQUATALIA ECOMM LLC; FASHION                            :
TO FIGURE IP LLC; RTW RETAILWINDS                                  :
ACQUISITION LLC; LORD & TAYLOR                                     :
ACQUISITIONS LLC; LORD & TAYLOR IP LLC;                            :
LETOTE IP LLC; AQUATALIA IP LLC; 501 JERSEY                        :
AVENUE LLC; BROOK WAREHOUSING AND                                  :
DISTRIBUTION LLC; 1735 JERSEY AVENUE                               :
PROPERTY LLC; SAADIA DISTRIBUTION LLC;                             :
STONY BATTERY RD PROPERTY OWNER LLC;                               :
1000 STONEY BATTERY ROAD, LLC,                                     :
:
:
                          Defendants.                              :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Phoenix Fashion, Inc. ("Plaintiff," or "Phoenix Fashion," or "Phoenix") moves, pursuant to Federal Rule of Civil Procedure 55(b)(1), for a default judgment against defendants Saadia Group LLC ("Saadia Group"); New York & Company Stores, Inc. ("New York & Co."); Fashion To Figure Ecomm LLC ("Fashion to Figure Ecomm"); Lord & Taylor Ecomm LLC ("Lord & Taylor Ecomm"); Yakoub N. Saadia a/k/a Yakouv Saadia a/k/a Yakaoub Saadia a/k/a Yakouv Saabia a/k/a Jack Saadia ("Saadia"); NY and Co Ecomm LLC; Letote Ecomm LLC; Aquatalia Ecomm LLC; Fashion To Figure IP LLC; RTW Retailwinds Acquisition LLC; Lord &

Taylor Acquisitions LLC; Lord & Taylor IP LLC; Letote IP LLC; Aquatalia IP LLC; 501 Jersey Avenue LLC; Brook Warehousing and Distribution LLC; 1735 Jersey Avenue Property LLC; Saadia Distribution LLC; Stony Battery Rd Property Owner LLC; and 1000 Stoney Battery Road, LLC (without Saadia, "Corporate Defendants," and with Saadia, "Defendants").  The motion is unopposed.  The Court held a hearing on the motion on October 10, 2024.  Saadia was the only defendant who appeared at that hearing.

For the following reasons, the motion for a default judgment is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's amended complaint, Dkt. No. 124.

Phoenix Fashion is a corporation organized in California with its principal place of business in California.  Dkt. No. 124 ¶ 4.  It imports women's apparel into the United States.  *Id.*  Jack Saadia is an individual residing in New York, New York.  *Id.* ¶ 9.  Saadia Group and New York & Co. are New York corporations with principal places of business in New York.  *Id.* ¶¶ 5–6.  Fashion to Figure EComm and Lord & Taylor EComm are Delaware LLCs with principal places of business in New York.  *Id.* ¶¶ 7–8.  The remaining defendants are largely Delaware or New Jersey LLCs with principal places of business in New Jersey.  *Id.* ¶¶ 10–21.  Saadia Distribution LLC and Stony Battery Rd Property Owner LLC are Pennsylvania LLCs with principal places of business in Pennsylvania.  *Id.* ¶¶ 22–23.  1000 Stoney Battery Road, LLC is a Delaware LLC with a principal place of business in Pennsylvania.  *Id.* ¶ 24.  Jack Saadia and non-party Joseph Saadia, both of whom reside in Brooklyn, New York, are the sole members of each of the LLC defendants.  *Id.* ¶ 1.  Plaintiff alleges that each of the Corporate Defendants is an alter ego of Jack Saadia.  *Id.* ¶ 26.

On December 1, 2022, Phoenix Fashion entered into a forbearance agreement ("Forbearance Agreement") with the Corporate Defendants. *Id.* ¶ 13. The Corporate Defendants acknowledged they purchased and received apparel goods from Phoenix but had not timely paid for the goods, and they reaffirmed an obligation to pay in the amount of $959,588.72. *Id.* ¶ 28. They agreed to timely pay within 30 days for receipt of goods for all existing and future orders. *Id.*

On the same day, Saadia executed an unconditional limited personal guaranty ("Guaranty") in favor of Phoenix. *Id.* ¶ 35. He confirmed in the Guaranty that he is an owner and duly appointed officer of Saadia Group, New York & Co., Fashion to Figure Ecomm, and Lord & Taylor Ecomm. *Id.* ¶ 36. He guaranteed the timely performance and payment of the Corporate Defendants' obligations under the Forbearance Agreement, including all outstanding invoices and/or purchase orders and all future purchase orders. *Id.*

The Corporate Defendants then breached the Forbearance Agreement by failing to make required payments to Phoenix within thirty days of receipt of goods. *Id.* ¶ 31. The Corporate Defendants presently owe Phoenix $3,111,221.77 for goods that were shipped and received. *Id.* ¶ 30. The Corporate Defendants also ordered $1,235,068.22 worth of goods which were not shipped because the Corporate Defendants refused to confirm payment. *Id.* Phoenix demanded performance of the Guaranty from Saadia, but he did not make required payments. *Id.* ¶ 38. Phoenix has performed all of its duties under the Forbearance Agreement, Guaranty, and purchase orders. *Id.* ¶¶ 32, 39.

## PROCEDURAL HISTORY

Plaintiff filed the initial complaint in this action on July 6, 2023. Dkt. No. 1. The only defendants named in the initial complaint were Saadia Group, New York & Co., Lord and Taylor EComm, Fashion to Figure EComm, and Jack Saadia. *Id.* Those defendants were served but did

3

not appear or answer the complaint. Dkt. Nos. 21–26. On October 27, 2023, and November 22, 2023, Plaintiff filed proposed clerk's certificates of default, but the certificates were deficient. Dkt. Nos. 27–44. On November 29, 2023, Plaintiff filed new proposed clerk's certificates of default, and certificates of default were issued the next day. Dkt. Nos. 45–59.

On January 17, 2024, Defendants filed a notice of appearance. Dkt. Nos. 60–64. The parties stipulated to set aside the certificates of default, and Defendants waived any defenses based on personal jurisdiction or venue. Dkt. No. 66. Defendants were ordered to file an answer by February 23, 2024, but did not do so. *See id.* On March 4, 2024, Plaintiff filed proposed clerk's certificates of default, and certificates of default were issued the next day. Dkt. Nos. 67–83. Defendants then filed an answer to the complaint on the same day, Dkt. No. 77. On March 6, 2024, Defendants filed a letter seeking to vacate the certificates of default, which was denied without prejudice to the filing of a formal motion seeking the same relief. Dkt. Nos. 86–90.

On March 12, 2024, Plaintiff filed a motion for default judgment with supporting declarations. Dkt. Nos. 94–98. The next day, Defendants moved to set aside the certificates of default. Dkt. Nos. 99–100. Plaintiff opposed, Dkt. Nos 104–06, and Defendants replied, Dkt. Nos. 106–107. The Court granted the motion to set aside default and denied the motion for default judgment as moot. Dkt. No. 109.

Plaintiff then filed an amended complaint on June 13, 2024, naming a number of additional defendants. Dkt. No. 124. Defendants were all served with the amended complaint by July 18, 2024. Dkt. Nos. 127–143. No defendant answered. On August 16, 2024, Plaintiff filed proposed clerk's certificates of default against all Defendants, and certificates of default were issued on August 19 and 20, 2024. Dkt. Nos. 145–206.

Defendant Jack Saadia immediately filed a letter requesting that the Court vacate the certificate of default as to him. Dkt. No. 207. He stated that he believed that his answer to the original complaint, filed on March 4, 2024, was sufficient and he was not required to provide an additional answer to the amended complaint. *Id.* The Court denied this request without prejudice to making a formal motion to vacate default that satisfies the standards of Rule 55(c). Dkt. No. 209.

On August 21, 2024, Plaintiff filed a motion for default judgment against all Defendants accompanied by a declaration of counsel, a declaration of Phoenix Fashion's president, Hung Mao Liu, and a statement of damages. Dkt. Nos. 210–213. On August 22, 2024, Defendants Jack Saadia, New York & Co., Fashion to Figure Ecomm, and Lord & Taylor Ecomm ("Moving Defendants") moved to set aside the certificates of default against them pursuant to Rule 55(c). Dkt. Nos. 215–216. Plaintiff opposed the motion. Dkt. Nos. 218–219.

The Court heard from the parties on the motion to vacate default at a conference on September 16, 2024, and made an oral ruling on the motion. Dkt. No. 221. As memorialized in a written order of the same day, the Court held that Moving Defendants' default was not willful, but Defendants had advanced no meritorious defense to the vast majority of the damages sought and had repeatedly delayed the action, causing Phoenix to lose priority to other creditors. *Id.* The Court therefore stated that the entry of default against the Moving Defendants would be vacated "on condition that those defendants post a bond in the amount of $3,022,209 by September 27, 2024." *Id.* at 3.

Moving Defendants did not post a bond by September 27, 2024, nor did they request an extension or communicate with the Court in any way. Dkt. No. 222. Therefore, the Court

5

denied the motion to set aside default. *Id.* The Court then heard from the parties regarding the motion for default judgment at a telephone conference on October 9, 2024.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. See *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

While a defendant who defaults admits the well-pleaded factual allegations in a complaint, because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (internal quotation marks and citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and a plaintiff "must therefore substantiate [her] claim for damages

with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (summary order).

## DISCUSSION

Plaintiff's amended complaint states three causes of action: (1) breach of the Forbearance Agreement by the Corporate Defendants; (2) breach of the Guaranty by Saadia; and (3) intentional misrepresentation based on Defendants' promises to honor the terms of the agreements. The allegations in Plaintiff's amended complaint are sufficient to establish liability on the first two causes of action.

To state a claim for breach of contract, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *DeFlora Lake Dev. Assocs., Inc. v. Park*, 654 F. App'x 9, 10 (2d Cir. 2016). The plaintiff may not simply state generally that the defendant failed to fulfill a contractual obligation, but must "identify, in non-conclusory fashion, the specific terms of the contract that a defendant has breached." *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015); *see Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, 2021 WL 4033249, at *5 (E.D.N.Y. Sept. 3, 2021). Moreover, a claim for breach of contract will not lie "where the unambiguous terms of the contract do not support a plaintiff's claim." *Spinelli*, 96 F.Supp. 3d at 131.

Plaintiff adequately alleges a breach of the Forbearance Agreement. Plaintiff alleges that the Corporate Defendants had a duty under the Forbearance Agreement to pay for goods purchased and received within 30 days for all existing and future purchase orders. Dkt. No. 124 ¶ 29. The existence of this duty is supported by the terms of the contract itself, which states that "Debtor agrees to . . . timely pay Vendor within thirty (30) days of receipt of goods (ROG 30

days) for all existing and future orders." Dkt. No. 211-1.[1]  Plaintiff alleges that Corporate Defendants breached this duty by not paying for goods within 30 days, as was required by the agreement. Dkt. No. 124 ¶ 31. Plaintiff incurred damages in the form of sums owed and not paid. *Id.* ¶ 30. These allegations establish a claim for breach of contract against the Corporate Defendants.

"In an action against a guarantor, a plaintiff must show: (1) the existence of the guaranty; (2) the underlying debt; and (3) the guarantor's failure to perform under the guaranty." *UMB Bank, N.A. v. Bluestone Coke, LLC*, 2020 WL 6712307, at *4 (S.D.N.Y. Nov, 16, 2020) (quoting *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 2015 WL 5710947, at *2 (S.D.N.Y. Sept. 29, 2015)); *see also Chem. Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir.1994) (A plaintiff must show "(1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant."). As stated above, Plaintiff plausibly alleges that it was owed a debt which Corporate Defendants were obligated to pay under the Forbearance Agreement. Dkt. No. 124 ¶¶ 27–33. Plaintiff alleges that Saadia made a guarantee of payment of that debt in the Guaranty, where he agreed to perform all of Corporate Defendants' obligations under the Forbearance Agreement. *Id.* ¶ 36. This claim is supported by the terms of the Guaranty, which states that Saadia agrees "to perform all of Debtor's obligations . . . under the Forbearance Agreement." Dkt. No. 211-2. Plaintiff alleges that Saadia failed "to make required payments to Phoenix after demand for performance

---

[1] The Forbearance Agreement defines Debtor as "Saadia Group and its related entities, including but not limited to: Saadia Direct, New York & Company, Fashion to Figure and Lord and Taylor." Dkt. No. 211-1. This does not contradict Plaintiff's assertion that each of the Corporate Defendants had duties under the forbearance agreement, because the Corporate Defendants are plausibly related entities of Saadia Group. Plaintiff alleges that each Corporate Defendant has the same two members, Jack Saadia and Joseph Saadia, and that they are each alter egos of Joseph Saadia. Dkt. No. 124 ¶¶ 1, 26.

was mad,." Dkt. No. 124 ¶ 38, and that Saadia currently owes Phoenix the same amount as Corporate Defendants, *id.* ¶ 37.  These allegations establish a claim for breach of the Guaranty against Saadia.

Plaintiffs third cause of action, for intentional misrepresentation, is based on Defendants making promises in the Forbearance Agreement and Guaranty with "no intention of honoring said promises." Dkt. No. 124 ¶ 44.  But when "the defendant simply misrepresented its intent to perform under a contract, no separate claim for fraud will lie, and the plaintiff must instead bring an action for breach of contract."  *Spinelli v. Nat'l Football League*, 903 F.3d 185, 209 (2d Cir. 2018).  Default judgment therefore cannot be granted on this claim.

Under Federal Rule of Civil Procedure 55(b)(2), a court may, "in the exercise of its discretion," hold a hearing to determine damages in connection with the entry of a default judgment.  *Mickalis Pawn Shop*, 645 F.3d at 129; *see* Fed. R. Civ. P. 55(b)(2).  However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there was a basis for the damages specified."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989)).  A court should not determine damages merely from the allegations of the complaint or affidavits of persons without personal knowledge of the facts, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999), but may properly determine damages from "detailed affidavits and documentary evidence," *Fustok*, 873 F.2d at 40; *see Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).  Damages must be ascertainable with "reasonable certainty."  *Credit Lyonnais*, 183 F.3d at 155.

Plaintiff alleges damages of $4,346,289.99 due to nonpayment for goods ordered and produced.  Dkt. No. 124 ¶ 33; Dkt. No. 213.  Plaintiff substantiates this claim with an affidavit of

Phoenix Fashion's Chief Financial Officer. Dkt. No. 212 ¶ 2. This affidavit is accompanied by purchase orders, invoices, and proofs of delivery for the goods, which the Chief Financial Officer swears are true and complete copies. *Id.* ¶¶ 16–18; *see* Dkt. Nos. 212-6, 212-7, 212-8, 212-9, 212-10, 212-11. The affidavit and extensive documentary evidence is sufficient to allow the Court to ascertain damages with reasonable certainty. Defendants have not contested damages or requested an inquest. Therefore, no hearing is necessary to determine damages, and the Court holds the alleged amount of $4,346,289.99 to be substantiated. Plaintiff is entitled to statutory prejudgment interest on this amount at a rate of nine percent per annum from December 20, 2022, the date of the breach. *See* N.Y. C.P.L.R. §§ 5001(b), 5004.

Plaintiff seeks costs in the amount of $5,037.93, Dkt. No. 213, but has not provided documentation substantiating this amount. *See Reisman v. Ne. Power & Gas LLC*, 2024 WL 1076894, at *10 (S.D.N.Y. Mar. 12, 2024) ("To be awarded, costs must be properly substantiated through invoices or receipts, or 'a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items.'" (quoting *Rosales v. Gerasimos Enterprises Inc.*, 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018))). The motion is therefore denied as to costs, without prejudice to Plaintiff filing and serving a renewed motion for costs by October 25, 2024. If Plaintiff makes no such motion by that date, or if Plaintiff informs the Court that it will forgo such a motion, the Court will enter judgment for Plaintiff in the amount of $4,346,289.99 plus interest at the statutory rate of 9% from December 20, 2022.

## CONCLUSION

The motion for default judgment against all Defendants is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed not to enter judgment at this time, pending Plaintiff's renewed motion for costs.

The Clerk of Court is respectfully directed to close Dkt. No. 210.

SO ORDERED.

Dated: October 15, 2024
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge