USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PHOENIX FASHION, INC.,

                Plaintiff,

-v-

SAADIA GROUP LLC; NEW YORK & COMPANY STORES, INC.; FASHION TO FIGURE ECOMM LLC; LORD & TAYLOR ECOMM LLC; YAKOUB N SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAABIA a/k/a JACK SAADIA; NY AND CO ECOMM LLC; LETOTE ECOMM LLC; AQUATALIA ECOMM LLC; FASHION TO FIGURE IP LLC; RTW RETAILWINDS ACQUISITION LLC; LORD & TAYLOR ACQUISITIONS LLC; LORD & TAYLOR IP LLC; LETOTE IP LLC; AQUATALIA IP LLC; 501 JERSEY AVENUE LLC; BROOK WAREHOUSING AND DISTRIBUTION LLC; 1735 JERSEY AVENUE PROPERTY LLC; SAADIA DISTRIBUTION LLC; STONY BATTERY RD PROPERTY OWNER LLC; 1000 STONEY BATTERY ROAD, LLC,

                Defendants.

-------------------------------------------------------------------X

23-cv-5788 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On October 15, 2024, the Court granted in part a motion for default judgment by Plaintiff Phoenix Fashion, Inc. ("Phoenix Fashion"), holding that damages were substantiated in the amount of $4,346,289.99 plus statutory interest from December 20, 2022. Dkt. No. 223. Phoenix Fashion now brings a motion for costs and attorney's fees in the sum of $188,494.93. Dkt. No. 224. Defendant opposes the motion. Dkt. Nos. 228–229. For the reasons that follow, the motion is granted.

As more fully set out in the Court's previous order, this case involves claims that the Defendants failed to pay for apparel goods purchased from Phoenix Fashion, thereby breaching a

forbearance agreement ("Forbearance Agreement") and related guaranty ("Guaranty"). Dkt. No. 223 at 2–3. Plaintiff filed the initial complaint on July 6, 2023. Dkt. No. 1. Plaintiff filed proposed certificates of default in November 2023, but the certificates were set aside after Defendants filed a notice of appearance in January 2024. Dkt. Nos. 60–66. When Defendants then failed to answer, Plaintiff again filed proposed certificates of default and moved for a default judgment. Dkt. Nos. 67–107. The Court set aside the certificates of default and denied the motion for a default judgment. Dkt. No. 109. Plaintiff then filed an amended complaint adding additional defendants, and when Defendants did not answer Plaintiff filed proposed certificates of default for a third time. Dkt. Nos. 124–206. Plaintiff moved for a default judgment, and Defendants Jack Saadia, New York & Co., Fashion to Figure Ecomm, and Lord & Taylor Ecomm ("Moving Defendants") moved to set aside the certificates of default against them pursuant to Rule 55(c). Dkt. Nos. 210–216. The Court ruled that the entry of default against the Moving Defendants would be vacated "on condition that those defendants post a bond in the amount of $3,022,209 by September 27, 2024." Dkt. No. 221 at 3. No such bond was posted, and the Court granted Plaintiff's motion for a default judgment on October 15, 2024. Dkt. No. 223.

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. Metro Found. Contractors, Inc. v. LHC Commc'ns LLC*, 537 F.3d 168, 175 (2d Cir. 2008).[1] "When a contract provides that in the event

---

[1] The Guaranty is governed by New York law. Dkt. No. 211-2 at 5. Although the parties have not raised the issue, the Forbearance Agreement appears to be governed by California law. Dkt. No. 211-1 at 2. This does not affect the enforceability of the contractual attorney's fees provision. Similar to New York law, "California law provides that the prevailing party in any 'action on a contract' is entitled to attorneys' fees if the contract provides for the recovery of

of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)). "In determining the reasonableness of attorneys' fees in the context of a contractual claim, a court examines a variety of factors, including 'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged . . . for similar services; and the amount involved.'" *HSH Nordbank AG New York Branch v. Swerdlow*, 2010 WL 1141145, at *6 (S.D.N.Y. Mar. 24, 2010) (quoting *F.H. Krear*, 810 F.2d at 1263), *aff'd sub nom. HSH Nordbank AG New York Branch v. St.*, 421 F. App'x 70 (2d Cir. 2011).

The Forbearance Agreement states that "[i]n the event that any legal action is required to enforce any terms of this Agreement, the prevailing party shall be entitled to recover its/hers/their attorneys' fees and costs incurred in enforcing the Agreement."  Dkt. No. 211-1 at 2.  The Guaranty states that "Guarantor agrees to pay actual out of pocket reasonable attorney's and/or collection fees and all other out of pocket reasonable costs and expenses incurred by Vendor in enforcing this Guaranty or incurred in the collection of the Saadia Obligations guaranteed."  Dkt. No. 211-2 at 3.  These provisions make unmistakably clear that Phoenix Fashion is entitled to recover attorney's fees as the prevailing party enforcing the Forbearance Agreement and Guaranty.[2]

---

such fees." *Bauer v. Atlantis Events, Inc.*, 645 F. App'x 545, 547 (9th Cir. 2016) (quoting Cal. Civ. Code § 1717(a)); *see Pac. Fuel Co., LLC v. Shell Oil Co.*, 416 F. App'x 607, 609–10 (9th Cir. 2011); Cal. Civ. Code § 1717(a) ("Where a contract provides for attorney's fees . . . [r]easonable attorney's fees shall be fixed by the court.").

[2] Defendants argue that this proceeding is not a "legal action" to enforce the Forbearance

3

Plaintiff moves for attorney's fees in the total sum of $183,652 and costs in the sum of $4,842.93. Dkt. No. 224 at 8. The attorney's fees and costs are supported by records from attorneys Betty J. Levine and Stephen Z. Starr showing attorney and paralegal hours and costs actually billed to Plaintiff. Dkt. Nos. 225–226. *See F.H. Krear*, 810 F.2d at 1265 ("The burden is on counsel to keep and present records."). Ms. Levine and Mr. Starr have 38 and 32 years of experience, respectively, and their hourly rates are reasonable for attorneys with such experience on a commercial matter in this District. *See, e.g.*, *Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*, 2020 WL 9762874, at *7 (S.D.N.Y. May 29, 2020), *report and recommendation adopted*, 2020 WL 13823745 (S.D.N.Y. Aug. 4, 2020); *136 Field Point Circle Holding Co. LLC v. Razinski*, 2022 WL 950980, at *5 (S.D.N.Y. Mar. 30, 2022). The Court has reviewed the specific entries for attorney services and costs to which Defendant objects, Dkt. No. 228 at 6–7, and finds that such fees and costs are reasonable. Defendants have not identified other issues with Plaintiff's entries, and such entries appear generally reasonable and supported. Accordingly, the Court grants Plaintiff's motion. *See Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) ("[T]he district court is not obligated to undertake a line-by-line review of [an] extensive fee application."); *Vogel v. Boris*, 2024 WL 1884479, at *3 (S.D.N.Y. Apr. 30, 2024) ("A court . . . is not expected to conduct a 'granular' line-item review of each invoice and time entry.").

---

Agreement and did not require "effort to collect or enforce" the Guaranty because "judgment was given by default" and Plaintiff's efforts to obtain a judgment "were negligible." Dkt. No. 228 at 4–5. This argument is meritless. Plaintiff brought a complaint in court seeking to enforce the Forbearance Agreement and Guaranty, and Plaintiff's motion for default judgment was granted with an award of the full amount of damages alleged. Plaintiff therefore prevailed in an action to enforce the Forbearance Agreement and Guaranty, and attorney's fees are appropriate under both contracts. *See*, *e.g.*, *Gordon v. Chambers*, 2024 WL 3533876, at *13 (E.D.N.Y. July 25, 2024) (holding plaintiff entitled to attorney's fees on default judgment); *Proactive Cap. Partners, LP v. Sysorex, Inc.*, 2024 WL 2274352, at *4 (S.D.N.Y. May 20, 2024) (same).

Plaintiff's motion for attorney's fees and costs in the amount of $188,494.93 is GRANTED. The Court's previous order held that Plaintiff was entitled to damages in the amount of $4,346,289.99 plus interest at the statutory rate of 9% from December 20, 2022. Therefore, the Clerk of Court is respectfully directed to enter judgment for Plaintiff in the amount of $4,346,289.99 plus interest at the statutory rate of 9% from December 20, 2022, plus attorney's fees and costs of $188,494.93.[3]

The Clerk of Court is respectfully directed to close Dkt. No. 224.

SO ORDERED.

Dated: November 19, 2024
      New York, New York

                                                          LEWIS J. LIMAN
                                                United States District Judge

---

[3] Plaintiff does not request interest on fees and costs and, accordingly, the Court does not reach the issue of whether interest is available on fees.