Grant J. Hallstrom (admitted *pro hac vice*)
Betty J. Levine (admitted *pro hac vice)*
HALLSTROM, KLEIN & WARD, LLP
15615 Alton Parkway, Suite 175
Irvine, CA 92618
tel. (949) 450-8500
fax (949) 450-1588
email grant@hkwllp.com
email betty@hkwllp.com

*Attorneys for Plaintiff, Phoenix Fashion, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| PHOENIX FASHION, INC. | : | Case No.: 1:23-cv-05788-LJL |
| | : | |
| Plaintiff, | : | [ECF CASE] |
| | : | |
| - against - | : | **PHOENIX FASHION, INC.'S** |
| | : | **MOTION FOR ORDER** |
| SAADIA GROUP LLC; NEW YORK & | : | **COMPELLING APPELLANT** |
| COMPANY STORES, INC.; FASHION TO | : | **TO ORDER ADDITIONAL** |
| FIGURE ECOMM LLC; LORD & TAYLOR | : | **PARTS OF THE TRIAL COURT** |
| ECOMM LLC; YAKOUB N SAADIA a/k/a | : | **PROCEEDINGS; REQUEST** |
| YAKOUV SAADIA a/k/a YAKAOUB SAADIA | : | **FOR ATTORNEY'S FEES** |
| a/k/a YAKOUV SAABIA a/k/a JACK SAADIA; | : | |
| NY AND CO ECOMM LLC; LETOTE ECOMM | : | **[DECLARATION OF BETTY J.** |
| LLC; AQUATALIA ECOMM LLC; FASHION | : | **LEVINE IN SUPPORT** |
| TO FIGURE IP LLC; RTW RETAILWINDS | : | **THEREOF AND PROPOSED** |
| ACQUISITION LLC; LORD & TAYLOR | : | **ORDER FILED** |
| ACQUISITIONS LLC; LORD & TAYLOR IP | : | **CONCURRENTLY HEREWITH]** |
| LLC; LETOTE IP LLC; AQUATALIA IP LLC; | : | |
| 501 JERSEY AVENUE LLC; BROOK | : | |
| WAREHOUSING AND DISTRIBUTION LLC; | : | |
| 1735 JERSEY AVENUE PROPERTY LLC; | : | |
| SAADIA DISTRIBUTION LLC; STONY | : | |
| BATTERY RD PROPERTY OWNER LLC; | : | |
| 1000 STONEY BATTERY ROAD, LLC | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

Plaintiff and Appellee PHOENIX FASHION, INC. ("Phoenix"), by its attorneys, Hallstrom, Klein & Ward, LLP, hereby moves the Court, pursuant to Federal Rule of Civil Procedure 10(b)(3)(C), for an order compelling Appellant YAKOUB N. SAADIA a/k/a YAKOUV SAADIA a/k/a YAKAOUB SAADIA a/k/a YAKOUV SAADIA a/k/a JACK SAADIA ("Saadia") to immediately order additional parts of the trial court proceedings. For the record on appeal. Phoenix also requests that the Court use its discretion to order Saadia and/or its counsel to pay Phoenix attorney's fees in the sum of $5390 for the fees it incurred for being forced to bring this Motion due to Saadia's purposeful failure to honor Phoenix's request for designation of additional parts to be ordered for the record on appeal, in a continuing pattern of bad faith delaying tactics.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Statement of Relevant Facts**

On December 13, 2024, Saadia filed his Notice of Appeal, appealing the Default Judgment entered against him and, in connection therewith, designated portions of the record to be included in the Appendix pursuant to FRAP 10(b)(1). [Dkt. No. 235]. However, Saadia failed to include certain critical, portions of the trial court proceedings that are essential for a complete and proper review of the issues presented on appeal. These critical portions include the following transcripts: (a) 9/16/2024, case management conference; and (b) 10/9/2024, telephone conference for hearing on Plaintiff's motion for default judgment.

Consequently, on January 7, 2025, Phoenix served on Saadia its Designation Of Additional Parts To Be Ordered For Record On Appeal requesting Saadia to add

additional trial court proceedings to the record on appeal pursuant to FRAP 10(b)(3)(B) (the "Designation"). [A true and correct copy is attached hereto as Exhibit 1]. (Phoenix's Designation actually requested Saadia to add more transcripts than the two listed above, but Phoenix has since learned that the only transcripts which were requested that are available are for the 9/16/2024 case management conference; and the 10/9/2024 telephone conference for the hearing on Plaintiff's motion for default judgment.) As of the date of this Motion, Saadia has failed and refused to order any of the additional portions of the record requested by Phoenix without any reason for its failure to do so, thereby requiring the filing of this Motion. Indeed, Saadia has no reason for its failure to designate the portions of the record requested by Phoenix other than engaging in bad faith delaying tactics.

As the Court knows, this is far from the first time Saadia has engaged in bad faith delaying tactics in this case. Saadia 's entire strategy throughout this litigation has been to delay, delay delay! Specifically, on three separate occasions Defendants defaulted on their obligation to answer or otherwise respond to Phoenix's Complaints. The first time Defendants defaulted on Phoenix's original Complaint, Phoenix graciously agreed to set aside the Clerk's Certificate of Default it obtained against Defendants on November 30, 2023. [Dkt. Nos. 55-59]. Although Defendants failed to show any good cause for failing to initially timely answer the Complaint, Phoenix nevertheless agreed to set aside the default in consideration of Defendants' agreement to waive any defense based on personal jurisdiction and in order to move the case forward given the delay caused by Defendants evading service for months.

After Phoenix agreed to set aside the first default, Defendants' secured creditor obtained a preliminary injunction in state court enabling it to seize all or most of Defendants' assets. Had Phoenix not agreed to set aside the first default, Phoenix would likely have obtained a judgment prior to the secured creditor's actions.

Despite agreeing to set aside Defendants' first default, Defendants again defaulted a second time and failed to timely respond to Phoenix's Complaint. Phoenix was forced to spend time and money to oppose Defendants' Motion to set aside that default. Then again, for a for a third time, Defendants defaulted by failing to timely respond to Phoenix's First Amended Complaint. Phoenix was yet again required to spend time and money to oppose another Motion to Set Aside Default by Defendants due to Defendant's complete lack of complying with their obligations to timely respond to the First Amended Complaint.

However, that was not the last of Defendants' delaying tactics. Phoenix tried several times to obtain a mutually convenient date to take Saadia's deposition in order to gather information for Phoenix's First Amended Complaint. Saadia evaded these attempts, forcing Phoenix to again expend time and attorney's fees to file a motion to compel Saadia's deposition.

Here we are again with Phoenix being forced to expend time and attorney's fees on this Motion to force Saadia to fulfill his obligations under FRAP 10.  Given Saadia's continuing bad faith behavior, including forcing Phoenix to bring this Motion, Phoenix respectfully requests that the Court exercise its discretion and order Saadia to pay the attorney's fees Phoenix was required to incur to bring this Motion.

**II.     Phoenix is Entitled to an Order Compelling Saadia to Order the Additional Portions of the Record Requested by Phoenix**

Pursuant to FRAP 10(b)(3)C), when an appellant fails to designate required portions of the record on an appeal for a complete and proper review of the issues on appeal, and further fails to designate additional portions of the record after being requested by the appellee, the appellee may move the court for an order compelling the appellant to do so.

Here, the portions of the record requested by Phoenix are critical to Phoenix's ability to adequately respond to the issues raised on appeal by Saadia. As noted above, Phoenix served its Designation Of Additional Parts To Be Ordered For Record On Appeal requesting Saadia to add the additional critical portions of the trial court proceedings to the record on appeal. However, as of the date of this Motion, Saadia has failed and refused to order the additional portions of the record requested by Phoenix without any reason for its failure to do so, thereby requiring the filing of this Motion. This is simply more of Saadia's bad faith tactics to delay these proceedings and cause Phoenix to incur unnecessary attorney's fees.

Consequently, it is respectfully requested that the Court issue an order compelling Saadia to immediately order the additional parts of the trial court proceedings requested by Phoenix. Phoenix also requests that the Court use its discretion to order Saadia and/or its counsel to pay Phoenix the attorney's fees it incurred for being forced to bring this Motion due to Saadia's purposeful failure to honor Phoenix's request for designation of additional parts to be ordered for the record on appeal, in a continuing pattern of bad faith

delaying tactics.

### III. The Court Should Exercise Its Discretion to Order Saadia and/or Its Counsel to Pay the Attorney's Fees Phoenix Incurred to Bring this Motion

It is well settled that the Court has discretion to award attorney's fees in certain situations where the opposing party's conduct is frivolous or unreasonable. Rule 130-1.1 of the Rules of the Chief Administrative Judge provides, in part, as follows:

> "(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Part. …
>
> (c) For purposes of this Part, conduct is frivolous if:
>
> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
>
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; …"

In this case, Saadia's refusal to order the additional critical portions of the record requested by Phoenix is without any reasonable basis and done purely as part of Saadia's

-6-

continuing bad faith tactics to delay these proceedings and cause Phoenix to incur unnecessary attorney's fees. Accordingly, it is respectfully requested that Saadia and/or its counsel be ordered to pay Phoenix $5390 for the attorney's fees it incurred for being forced to bring this Motion due to Saadia's purposeful failure to honor Phoenix's request for designation of additional parts of the record on appeal, in a continuing pattern of bad faith delaying tactics.

### IV.   Conclusion

For all of the foregoing reasons, it is respectfully requested that the Court (1) compel Saadia to immediately order the additional parts of the trial court proceedings requested by Phoenix; and (2) use its discretion to order Saadia and/or its counsel to pay Phoenix attorney's fees in the sum of $5390 for the fees it incurred for being forced to bring this Motion due to Saadia's purposeful failure to honor Phoenix's request for designation of additional parts to be ordered for the record on appeal in a continuing pattern of bad faith delaying tactics.

Dated: January 29, 2025
    Irvine, California            By: /s/ Betty J. Levine
                                           Betty J. Levine (admitted pro hac vice)
                                           HALLSTROM, KLEIN & WARD, LLP
                                           15615 Alton Parkway, Suite 175
                                           Irvine, CA 92618
                                           tel. (949) 450-8500
                                           fax (949) 450-1588
                                           email betty@hkwllp.com