```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PHOENIX FASHION, INC.,                                           :
                                                                 :
                            Plaintiff,                           :
                                                                 :       23-cv-5788 (LJL)
            -v-                                                  :
                                                                 :       MEMORANDUM AND
SAADIA GROUP LLC, et al.,                                        :            ORDER
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants[1] move, pursuant to Federal Rule of Civil Procedure 45, for an order quashing the subpoena of Plaintiff Phoenix Fashion, Inc. ("Plaintiff" or "Phoenix Fashion") directed to Valley National Bank. Dkt. No. 247. Defendants have filed a memorandum of law in support of the motion. Dkt. No. 248. Plaintiff has filed a memorandum of law in opposition to the motion. Dkt. No. 249.[2] The motion is denied.

Familiarity with the prior proceedings in this matter is presumed. On October 15, 2024, the Court granted in part a motion for default judgment by Phoenix Fashion, holding that damages were substantiated in the amount of $4,346,289.99 plus statutory interest from December 20, 2022. Dkt. No. 223. On December 3, 2024, the Court entered a default judgment in favor of Plaintiff in the amount of $5,293,539.38. Dkt. No. 233. The facts and procedural

---

[1] Defendants are Saadia Group LLC ("Saadia Group"); New York & Company Stores, Inc. ("New York & Co."); Fashion To Figure Ecomm LLC ("Fashion to Figure Ecomm"); Lord & Taylor Ecomm LLC ("Lord & Taylor Ecomm"); Yakoub N. Saadia a/k/a Yakouv Saadia a/k/a Yakaoub Saadia a/k/a Yakouv Saabia a/k/a Jack Saadia ("Saadia"); NY and Co Ecomm LLC; Letote Ecomm LLC; Aquatalia Ecomm LLC; Fashion To Figure IP LLC; RTW Retailwinds Acquisition LLC; Lord & Taylor Acquisitions LLC; Lord & Taylor IP LLC; Letote IP LLC; Aquatalia IP LLC; 501 Jersey Avenue LLC; Brook Warehousing and Distribution LLC; 1735 Jersey Avenue Property LLC; Saadia Distribution LLC; Stony Battery Rd Property Owner LLC; and 1000 Stoney Battery Road, LLC.
[2] Defendants have not filed a reply memorandum of law.

history of this case are recited in the Court's memorandum and order granting the default judgment in part and denying it in part. *See Phoenix Fashion, Inc. v. Saadia Grp. LLC*, 2024 WL 4493716 (S.D.N.Y. Oct. 15, 2024).

Plaintiff has served an information subpoena and restraining notice ("ISRN"), pursuant to New York CPLR 5222 and 5224 on Valley National Bank. Dkt. No. 248-1. The ISRN is dated August 28, 2025. *Id.* at 5. It recites the fact of the judgment, calls for financial information about Defendants, and serves notice that Valley National Bank is restrained from selling, transferring, or assigning any property in which Defendants have an interest. *Id.*

Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery "[i]n aid of judgment or execution" in accordance with the procedure provided for under the Federal Rules of Civil Procedure or under the procedure of the state where the court is located. Fed. R. Civ P. 69(a)(2). In New York, the New York Civil Practice Laws and Rules allow a judgment creditor to serve an information subpoena "[a]t any time before a judgment is satisfied or vacated," to obtain disclosure "of all matter relevant to the satisfaction of the judgment." CPLR. 5223, 5224(a)(3). The judgment creditor must have a reasonable belief that the individual, corporation, partnership, or sole proprietorship receiving the subpoenas "has in their possession information about the debtor that will assist the creditor in collecting his or her judgment." *Id.* § 5224(a)(3)(i). The subpoena recipient must answer each question separately and fully within seven days of receipt of the subpoena except that the recipient may move to quash the subpoena under CPLR § 2304. *Id.* § 5224(a)(3) & (a)(3)(iii).

None of Defendants' arguments as to why Valley National Bank should not be required to do so here are persuasive.[3]

---

[3] Plaintiff challenges Defendants' standing to move to quash the ISRN. "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova*

2

Defendants argue that the subpoena should be quashed because no notice was given to Defendants or the Judgment Debtors under Federal Rule of Civil Procedure 45(a)(4). Dkt. No. 248 at 7–8. But that argument presupposes that the subpoena was a subpoena duces tecum issued pursuant to Federal Rule of Civil Procedure 45, which contains a notice requirement. It was not. It was an information subpoena issued pursuant to Federal Rule of Civil Procedure 69(a)(2) and CPLR § 5224, which contain no prior notice requirement. *See Stati v. Repub. Of Kazakhstan*, 2024 WL 3442663, at *7 (S.D.N.Y. July 17, 2024) ("Neither the Federal Rules of Civil Procedure nor New York law require a judgment creditor to provide notice to the judgment debtor when issuing post-judgment discovery subpoenas to non-parties.") Therefore, the prerequisites in Rule 45(a)(4) do not apply, and the cases cited by Defendants concerning subpoenas issued pursuant to Rule 45 are inapposite. *See Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024); *United States v. Ray*, 337 F.R.D. 561, 574 (S.D.N.Y. 2020).[4]

Defendants' argument that they were deprived of due process by the failure to receive notice, Dkt. No. 248 at 8–9, is similarly faulty. Defendants do not identify any interest protected by the due process clause in the information possessed by Valley National Bank. Without such an interest, they have not shown that if the information requested was either turned over by or requested from the bank that they would have a constitutional right to notice. *See Bryant v. N.Y.*

---

*Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Here, however, the Plaintiff seeks "information regarding a party's financial records," which "may give rise to a privacy interest." *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014). Defendants therefore have standing to proceed. *See Carey v. Berisford Metals Corp.*, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (holding that a party had standing to quash a subpoena seeking the party's bank account information from a non-party bank).

[4] In any event, Defendants have not shown prejudice from their failure to receive notice. *See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP,* , 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) ("The majority approach ... requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide advance notice." (citing cases))

3

*State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012), *cert. denied*, 569 U.S. 958 (2013) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process").

Defendants also argue that the information subpoena is overly broad. Dkt. No. 248 at 9–10. "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.*; *see Rodriguez v. New Generation Hardware Store Corp.*, 2024 WL 232103, at *1 (S.D.N.Y. Jan. 22, 2024); *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022). Defendants' are incorrect that the subpoena at issue runs afoul of that rule. The information subpoena does not ask "for information from the beginning of time." Dkt. No. 248 at 9. Each of the questions is tailored to discovering property or interests that may currently be attached. It thus fully complies with Rule 69(a)(2) and CPLR § 5224.

Next, Defendants argue that the information subpoena should be quashed because it seeks "confidential and private information" of third parties. Dkt. No. 248 at 10. The persons about whom Plaintiff inquires, however, are not "third parties." They are Defendants. Contrary to Defendants' arguments, the requested information is relevant to the discovery of executable assets. Defendants' argument is without merit.[5]

Finally, Defendants argue that the information subpoena is premature because there is "a

---

[5] The two cases cited by Defendants are inapplicable. Both involves state court subpoenas duces tecum and not information subpoenas under CPLR § 5224. *See DiCenzo on Behalf of DiCenzo v. Mone*, 234 N.Y.S.3d 628 (3rd Dep't. 2025), *leave to appeal denied sub nom. DiCenzo v. Mone*, 2025 WL 2670235 (N.Y. Sept. 18, 2025) (trial subpoena duces tecum); *Application of R.J. Reynolds Tobacco Co.*, 518 N.Y.S.2d 729 (Sup. Ct. NY Cty. 1987).

4

strong likelihood that the Default judgment will be vacated because of the merits in the Appeal" and because it should never have been entered. Dkt. No. 248 at 10–11. On December 13, 2024, Saadia filed a notice of appeal. Dkt. No. 235. No appeal was filed by any other Defendant. Under Rule 62(d) of the Federal Rules of Civil Procedure, if an appeal is taken, the appellant may obtain a stay of execution on a judgment by filing a supersedeas bond. Fed. R. Civ. P. 62(d). No bond was filed, nor was any motion filed for relief from having to post a bond. "In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment." 11 C. Wright & A. Miller, Federal Practice & Procedure § 2905 (3d ed.). Thus, the fact that Saadia has filed a notice of appeal does not prevent Plaintiff from taking action to enforce the default judgment against Saadia much less against the other Defendants.

      The Clerk of Court is respectfully directed to close the motion at Dkt. No. 247.

SO ORDERED.

Dated: October 7, 2025
      New York, New York

_____
      LEWIS J. LIMAN
      United States District Judge

5